UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TIMOTHY BEST, *pro se*,

                    Plaintiff,

                                                            **SUMMARY ORDER**
     -against-                                              09-CV-0460 (DLI)

CITY OF NEW YORK; CITY OF NEW YORK POLICE
DEPARTMENT; THEIR EMPLOYEE,

                    Defendants.
-------------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

      Plaintiff Timothy Best filed this *pro se* action in the United States District Court for the Southern District of New York on August 4, 2008. It was transferred to this court on January 20, 2009. Plaintiff's request to proceed *in forma pauperis* is granted. The named defendants are dismissed; however plaintiff is granted leave to submit an amended complaint within thirty (30) days of the date of this Order.

      Plaintiff alleges that items of his personal property were held by the New York City Police Department, at a precinct at 25 Central Avenue in Brooklyn, following an unspecified arrest. He states that he went to claim his property at 11:30 p.m. on July 1, 2008, but that the property clerk, sergeant, and captain on duty would not release his property at that time. He was told that he could claim the property from the arresting officer on the following day, between 6 p.m. and 12 a.m. He alleges that he returned during those hours, but that the property was not released to him. He then executed a notarized letter of authorization and asked another individual to pick up his personal property for him. He alleges that the police officials again refused to release the property and told his friend that the property owner's identification was necessary for release of the property. Plaintiff

alleges that this demand conflicts with a written policy permitting third-parties to pick up personal property with notarized letters from property owners. Plaintiff asserts that these actions violated his constitutional rights under the Ninth and Fourteenth Amendments. He seeks the return of his property and $24 million in damages.

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, a *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Indeed, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

It is possible to construe the complaint as raising a claim under 42 U.S.C. § 1983 ("§ 1983"). To maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a *person* acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Plaintiff's allegations regarding the deprivation of property may suggest a violation of the Fourteenth Amendment. To bring a Fourteenth Amendment claim under § 1983,

plaintiff must show either (1) that an "established state procedure" deprived him of property "without according him proper procedural safeguards," *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982), or (2) that "random and unauthorized conduct" of a state employee resulted in the intentional deprivation of property and that "a meaningful postdeprivation [state] remedy for the loss [was not] available," *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Plaintiff names the City of New York and the New York Police Department, but does not name any of the individuals whom he alleges deprived him of his civil rights. The police department is not a suable entity. Although the City of New York may be sued, a municipality is liable under § 1983 only if a plaintiff shows that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). The complaint does not allege an unconstitutional policy or custom. Accordingly, the City of New York and the New York City Police Department must be dismissed as defendants.

In light of plaintiff's *pro se* status, the court grants plaintiff leave to amend the complaint to identify the individuals whom he believes were responsible for the alleged deprivation of his constitutional rights. Even if plaintiff does not know the names or badge numbers of these individuals, he may identify them generically, such as John Doe Property Clerk or John Doe Police Officer #1. Additionally, plaintiff must identify the precinct where they are employed, the positions that they held, and the roles each of them played in this incident.

## CONCLUSION

Plaintiff's claims against the City of New York and the New York City Police Department and "their employee" are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Court grants plaintiff leave to file an amended complaint within thirty (30) days of the date of this Order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. For the convenience of *pro se* plaintiff, the court has attached "Instructions on How to Amend a Complaint." No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days. If an amended complaint is not filed within thirty (30) days of the date of this Order, *i.e.*, on or before April 13, 2009, this action will be dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 13, 2009

_____/s/_____
**DORA L. IRIZARRY**
United States District Judge